UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAULA J. S.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:20-CV-1002-DWC

ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income (SSI) and disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2.

## **BACKGROUND**

The Plaintiff protectively filed for SSI and DIB on May 11, 2017, alleging a disability onset date of April 1, 2010. AR 250, 257. The applications were denied initially on June 18, 2017 and August 29, 2017, respectively, and again upon reconsideration on December 29, 2017.

ORDER - 1

AR 128, 132. A timely request for hearing was filed on February 13, 2018. AR 158. Plaintiff appeared with her counsel and testified at a hearing on April 18, 2019 before Administrative Law Judge Howard Prinsloo (the ALJ). AR 34. Vocational expert Jennifer Pavlik was also present. On June 18, 2019, the ALJ issued an unfavorable decision. AR 17.

On July 10, 2019, Plaintiff requested review of the hearing decision by the Appeals Council. AR 246. On April 24, 2020, the Appeals Council denied Plaintiff's request making the ALJ's decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981.

On July 1, 2020, Plaintiff filed a Complaint in this Court, seeking an order reversing the Commissioner's final decision and ordering an immediate award of benefits, or alternatively, for further proceedings to correct perceived errors in the ALJ's assessment of mental health medical evidence. Dkt. 4; Dkt. 10 at 15.

## **STANDARD**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

The regulations regarding evaluation of medical evidence have been amended for claims protectively filed on or after March 27, 2017, such as the case at bar. *See* 20 C.F.R. §§ 404.1520c(c), 416.920c(c). In the new regulations, the Commissioner rescinded Social Security Regulation (SSR) 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can

provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.152c(a), (b)(2), 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The Ninth Circuit currently requires the ALJ to provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the Ninth Circuit has held the medical opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the

record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

At this time, the Ninth Circuit has not issued a decision stating whether it will continue to require an ALJ to provide "clear and convincing" or "specific and legitimate reasons," or some variation of those standards, when analyzing medical opinions. Regardless, it is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs from the current Ninth Circuit standards in any significant respect. The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b). The new regulations appear to, at the least, require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Furthermore, the Court must continue to consider whether the ALJ's decision is supported by substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision.").

Therefore, based on the above considerations, the Court will determine whether the ALJ's decision is free of legal error and supported by substantial evidence.

## **DISCUSSION**

Plaintiff alleged she could not work due to several physical and mental health issues, including bi-polar disorder, anxiety, depression, and knee pain. AR 44, 47, 90. The ALJ discounted Plaintiff's allegations regarding her physical impairments because her exams were typically normal and because doctors noted moderate cooperation and poor effort. AR 440-42. In

addition, Plaintiff was regularly working during the relevant period. AR 422, 439–40, 444, 546, 561, 590, 770, 872. The ALJ also discounted Plaintiff's allegations regarding her mental impairments because the record showed moderate mental health symptoms exacerbated at times by situational factors but overall consistent with the limitations assessed by reviewing psychologists, Kent Reade, Ph.D., and Renee Eisenhauer, Ph.D., as discussed further below. AR 20–24.

Plaintiff claims the ALJ erred by failing to properly consider the opinions of the treating, examining and reviewing mental health care providers in the record. Dkt. 10 at 3. Specifically, Plaintiff argues the ALJ failed to address the opinion of examining psychologist Melanie Mitchell, improperly rejected the opinions of treating psychiatrist Sandra Walker and treating mental health practitioner Cole Meadows, and failed to provide legally adequate reasons for deferring to non-examining consultants. *Id*.

**I.    Melanie Mitchell, Psy. D.**

The ALJ found the opinion of examining psychologist Melanie Mitchell (Mitchell) was not supported by the record or consistent with the record as a whole. AR 24. Mitchell had been hired to conduct a one-time psychological evaluation of the Plaintiff. AR 770-74. In her January 16, 2019 report about that evaluation, Michell diagnosed Plaintiff with Unspecified Bipolar and Related Disorder, Rule Out Bipolar Disorder, Generalized Anxiety Disorder (with symptoms of PTSD and Agoraphobia), Rule Out PTSD, Unspecified Cannabis Related Disorder, Mild ongoing use, Unspecified Stimulant Related Disorder, Amphetamine, in full sustained remission, and Borderline Personality Disorder. AR 772. Mitchell opined that Plaintiff had many severe (the most extreme rating) cognitive and social limitations, including severe limitations in maintaining regular attendance, maintaining appropriate behavior in a work setting, and

completing a normal work week without interruptions from psychologically based symptoms. AR 773. Mitchell concluded, "SSI referral appropriate for chronic, severe mental health impairments, poor prognosis for gainful employment and likely need for long term resources." AR 774.

Unfortunately, the ALJ mistakenly referred to Mitchell's assessment as an assessment provided by "Phyllis Sanchez, Ph.D.," (Sanchez) most likely because Sanchez had been hired to review Mitchell's findings. AR 24, 885. This conclusion is substantiated by cross-referencing Sanchez's report (which lists Mitchell's January 2019 report as one of four things Sanchez was asked to review) with the findings in Mitchell's actual January 2019 report, discussed herein. Accordingly, this Court rejects Plaintiff's argument that the ALJ's decision should be reversed for "failing to address Dr. Mitchell's opinion." Dkt. 10 at 5.

Sanchez found only Bipolar Disorder and Cannabis Use Disorder were supported by the record, and that Plaintiff was "in treatment and on medication . . . claims she is sober of meth." AR 885. Sanchez further determined that Plaintiff "works when she can, goes to treatment, keeps an apartment, and is apparently adherent to a multiple medication regimen. Her [mental status exam] was fair and she was able to manage most instrumental [activities of daily living]." *Id*. Sanchez also noted that "[Marijuana] has both cognitive and mood effects." *Id*.

This Court finds the ALJ's adoption of Sanchez's review to reject Mitchell's opinion was based on both sufficient supporting evidence and consistency with the record which showed Plaintiff demonstrated appropriate mood and affect, grooming, and intact cognitive functioning. AR 24 (citing AR 444, 450, 585, 612, 618, and 797). Plaintiff's contention that the ALJ was required to take the additional step of addressing the consistency and supportability of Sanchez's review of Mitchell's report is without merit. Dkt.10 at 5. Sanchez's "Review of Medical

Evidence" report is not a medical opinion or a "prior administrative medical finding" requiring the ALJ to make specific findings. AR 885–86.

**II. Sandra Walker, M.D.**

Next, the ALJ found the opinion of Sandra Walker, M.D. (Walker) was inconsistent with, and unsupported by the record. AR 24. Walker opined in June 2017 that Plaintiff had several marked and extreme limitations that would cause her to miss work 15 days per month. AR 453–55. The ALJ found these ratings were "not consistent with the record as a whole noting appropriate mood and affect, appropriate grooming, and intact cognitive functioning…". AR 24. The ALJ cited to multiple instances in the record when Plaintiff's condition was stable, she was adequately groomed, she did not have psychotic symptoms, she exhibited a logical and linear thought process, and her cognition was intact. *See* AR 24 (citing AR 552–53, 556, 796–97, 798–99, 800–01, 805–06, 872–73, 876–77, 878–79).

Plaintiff claims the ALJ cherry-picked the record to support this conclusion, choosing to omit times when Plaintiff was highly symptomatic, in contravention of the Commissioner's own directive that "Symptoms may vary in their intensity, persistence, and functional effect, or may worsen or improve over time, and this may explain why the individual does not always allege the same intensity, persistence, or functional effect of his or her symptoms." Dkt. 10 at 10 (citing SSR 96-7p[1]). Yet, Plaintiff does not point the Court to any examples of alleged omissions. In any event, when a claimant contends the "ALJ failed to recognize the inherently variable nature of mental illness, the court will uphold the ALJ's conclusion when the evidence is susceptible to

---

[1] SSR 96-7p was superseded by SSR 16-3P (S.S.A.), 2017 WL 5180304, *9 (2017), though this directive remains substantially unchanged.

more than one rational interpretation." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). In this instance the Court finds the ALJ rationally interpreted the evidence.

**III. Cole Meadows, M.A.**

In August 2017, Cole Meadows (Meadows) opined that Plaintiff was not "equipped to maintain employment" for the foreseeable future. AR 448-49. The ALJ found this opinion was principally based upon Plaintiff's subjective complaints, and took the form of an ultimate conclusion reserved to the Commissioner. AR 24. To be sure, "Statements that [a claimant] [is] or [is] not disabled, blind, able to work, or able to perform regular or continuing work" are "inherently neither valuable nor persuasive to the issue of whether [the claimant] [is] disabled," and an ALJ is not required to provide any analysis about how he considered such evidence." 20 C.F.R. § 416.920b(c)(3)(i).

Plaintiff complains that Meadows's treatment notes contain observations that support his opinions and therefore should not be discarded. Dkt. 10 at 12. While that may be true, "observations" are different than medical opinions that assess a claimant's ability "to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting." 20 C.F.R. § 416.913(a)(i)(B). Moreover, as Defendant points out, even when Meadow's "observations" are credited they do not paint the picture of someone with a medically determinable impairment lasting or expected to last at least twelve-months in duration," but that of a person who suffers from discrete periods of increased symptomology caused by situational stressors[2]. *See* 20 C.F.R. § 416.909; Dkt. 11 at 9.

---

[2] *See e.g.,* AR 469, 575, 826 (crisis in March 2017 because Plaintiff received notice she was denied benefits and reporting improvement); AR 476 (new boyfriend and ability to work despite mood swings); AR 486 (improvement after working out problems with boyfriend); AR 837 (improved symptoms despite anxiety caused by

## IV. Kent Reade Ph.D. and Renee Eisenhauer Ph.D.

Reviewing psychologists, Kent Reade, Ph.D. (Reade) and Renee Eisenhauer, Ph.D. (Eisenhauer) each found that Plaintiff did not have more than a moderate limitation in any area of mental functioning. AR 100–02, 120–22.

Plaintiff suggests the ALJ erred because he did not use the word "supportability" in his assessment of Reade or Eisenhauer's opinions. Dkt. 10 at 13–14. Plaintiff does not point to any authority to support the conclusion that the ALJ's omission of the word "supportability" is a basis for remand. The regulations describe "supportability" as an assessment of whether "objective medical evidence and supporting explanations" buttress the medical source's opinion. 20 C.F.R. § 416.920c(c)(1). The ALJ's citation to numerous objective medical sources in the record to conclude that Reade and Eisenhauer's opinions were "consistent with the claimant's largely normal mental status exams of record, while still accounting for her subjective complaints," sufficiently addressed the "supportability" factor." AR 23 (citing AR 444, 450, 552, 556, 585, 612, 618, 797).

Lastly, Plaintiff argues that the ALJ did not sufficiently explain his preference for the consulting opinions of Reade and Eisenhauer over those of examining and treating physicians. Dkt. 10 at 13–14. The applicable regulations do not require an ALJ to compare and contrast each medical opinion (20 C.F.R. § 404.1520c[3]), or to defer to a medical opinion based upon the

---

problems with boyfriend); AR 838–39 (generally normal mental status exam); AR 842 (generally normal mental status exam); AR 845 (generally normal mental status exam).

[3] 20 C.F.R. § 404.1520c(b)(1) states, "Source-level articulation. Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. *We are not required to articulate how we considered*

source's relationship to the claimant (20 C.F.R. § 416.920c(a)[4]). Therefore, the ALJ did not err by failing to do this.

### **CONCLUSION**

In conclusion, this Court finds the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence. Accordingly, the Commissioner's final decision is affirmed.

Dated this 17th day of March, 2021.

David W. Christel
United States Magistrate Judge

---

*each medical opinion or prior administrative medical finding from one medical source individually*." (emphasis added)

[4] 20 C.F.R. § 416.920c(a) states, "How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), *including those from your medical sources*. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). *We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section*." (emphasis added).